IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **WILLIAM EARL LYND,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO.: 7:01-CV-95 (HL) |
| **WILLIAM TERRY[1], Warden**, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**O R D E R**

Petitioner has filed a Motion to Stay Federal Habeas Corpus Proceedings and to Hold Petitioner's Case in Abeyance Pending Outcome of Successor State Habeas Corpus Proceeding. (R. at 45). For the reasons discussed below, this Motion is denied.

Petitioner states that he exhausted all of his claims during the state habeas corpus proceedings. However, he maintains that a lack of funds kept him from "develop[ing] critical facts in support of his ineffective assistance and other claims in state court." (R. at 45, p. 3). Petitioner states that, pursuant to *Rhines v. Weber*, 161 L. Ed.2d 440 (2005), this Court has discretion to stay his federal habeas corpus proceedings while he returns to state court and factually develops his exhausted claims.

In *Rhines*, the Supreme Court of the United States explained that, in certain

---

[1] William Terry has now replaced Derrick Schofield as the Warden of the Georgia Diagnostic and Classification Prison and is the proper Respondent named in this action.

circumstances, district courts have discretion to stay mixed habeas corpus petitions–those petitions that contain both exhausted and unexhausted claims–while the Petitioner presents the unexhausted claims to the appropriate state court. *Id*. at 451-52. Specifically, the Court held as follows:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id*. at 451.

The Court's holding in *Rhines* does not authorize a stay and abeyance in this case. All of Petitioner's claims were exhausted at the state level. Thus, all parties agree there has been no "failure to exhaust claims first in state court." *Id.* at 451. Instead, Petitioner maintains that he failed to develop critical facts in support of his claims while his case was pending at the state level. The Court in *Rhines* authorized a district court to issue a stay and abeyance when it finds that a petitioner had good cause for failing to exhaust a claim in state court–not when it finds that all of the claims were exhausted and the petitioner just wants to return to state court to develop more facts to support the exhausted claims.

When a petitioner has failed to adequately develop facts to support his exhausted claims, the appropriate remedy for him is to file a motion for discovery and/or a motion for an evidentiary hearing in his pending federal habeas corpus action. *See generally* 28 U.S.C. § 2254 (e)(2) and Rules 6, 7, and 8 of the Rules Governing § 2254. In this case, Petitioner filed both

such motions. (R. at 22, 30). However, the Court does not have unlimited discretion to grant discovery or an evidentiary hearing. As the Court explained in its August 16, 2003 Order denying Petitioner's motion for discovery, "'[i]n passing [the Anti-terrorism and Effective Death Penalty Act], Congress modified the discretion afforded to the district court and erected additional barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing'." (R. at 25)(quoting *Isaacs v. Head*, 300 F.3d 1232, 1248-49 (11th Cir. 2002), *cert. denied*, 123 S. Ct. 1805 (2003)). For the reasons discussed at length in the Court's Order denying Petitioner's motion for discovery (R. at 25); Order denying motion for reconsideration of the Order denying discovery (R. at 29); and Order denying motion for an evidentiary hearing (R. at 32), this Court does not have discretion to grant discovery or an evidentiary hearing in this case. (R. at 25, 29, 32). Although Petitioner again requests, the Court refuses to reconsider these decisions at this time. Neither, as discussed above, does the Court have discretion to stay this case while Petitioner files an action in state court and attempts to conduct discovery in that court.

For the reasons discussed above, Petitioner's Motion to Stay Federal Habeas Corpus Proceedings and to Hold Petitioner's Case in Abeyance Pending Outcome of Successor State Habeas Corpus Proceeding is **DENIED**.

**SO ORDERED**, this 11th day of October, 2005.

                                                **s/   Hugh Lawson**
                                                HUGH LAWSON, JUDGE

lnb