## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

WILLIAM EARL LYND,                    :
                                      :
              Petitioner,             :
                                      :
      VS.                             :
                                      :        CIVIL ACTION NO.: 7:01-CV-95 (HL)
WILLIAM TERRY, Warden,                :
                                      :
              Respondent.             :
_____       :

## O R D E R

In an Order dated October 31, 2005, the Court denied Petitioner's Petition for Writ of Habeas Corpus by a Person in State Custody.  (R. at 52).  Judgment was entered in favor of Respondent on November 1, 2005.  (R. at 53).  Petitioner now requests, pursuant to Federal Rule Civil Procedure 59 (e), that the Court alter or amend this judgment.[1]  Specifically, Petitioner requests the Court alter or amend its decision regarding his claim that he was denied effective assistance of counsel when one of his trial attorneys (Clyde Royals) unreasonably advised him not to cooperate with the State's mental health expert (Loren Hildebrant).  For the reasons discussed below, this motion is denied.

As the Court explained in its October 31, 2005 Order, the state habeas court ruled on this

_____

[1]Fed. R. Civ. P. 59 (e) provides that a party may file a motion to alter or amend a judgment "no later than 10 days after entry of the judgment."  "The decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge'."  *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000)(quoting *American Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir.1985)).

issue and held as follows:  "[I]t was the Petitioner's refusal to be examined by the States's mental health professionals that lead (sic) to the exclusion of any mental health evidence regarding Petitioner's mental state and culpability.  (see *Lynd* at 64.)  Petitioner has not made the requisite showing that trial counsel's performance was deficient."  (Resp't Ex. 59, p. 9).

As this issue was decided by the state court, review by this Court "is greatly circumscribed and is highly deferential to the state court[]."  *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002); *see also Michael v. Crosby*, 430 F.3d 1310, (11th Cir. 2005).  Only if the state court's adjudication resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law" or was based on an "unreasonable determination of the facts" could this Court grant relief.  28 U.S.C, § 2254 (d).

This Court found in its October 31, 2005 Order that the state habeas court applied *Strickland v. Washington*, 466 U.S. 668 (1984) to Petitioner's various claims of ineffective assistance of counsel.  Therefore, the state habeas court's decision was not "contrary to . . . clearly established Federal law."  28 U.S.C. § 2254 (d)(1).  Moreover, based a review of the extensive record, the Court found that Petitioner had not shown that the state habeas court's decision involved an unreasonable application of *Strickland* or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254 (d)(2).

In his current motion, Petitioner maintains that the "state habeas court unreasonably failed to consider attorney Royals' testimony in ruling on this claim of ineffective assistance of

counsel and thus, the state habeas court's ruling on this issue 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented'." (Pet'r Mot. Pursuant to R. 59 (e) of the Fed. R. Civ. P. to Alter and Amend J., p. 6)(quoting 28 U.S.C. 2254 (d)(2)).  Petitioner bases this assertion on the fact that the state habeas court did not "acknowledge or discuss Mr. Royal's testimony" in its January 14, 1998 Order.[2]  *Id.*

However, this Court cannot assume that the state habeas court completely failed to consider Mr. Royal's testimony simply because it did not cite or discuss his testimony.  28 U.S.C. § 2254 dictates a "'highly deferential standard for evaluating state-court rulings,' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7, (1997)).  Moreover, "whether a state court's decision [is] unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004).

The record before the state habeas court in this case certainly supports that court's ruling that it was Petitioner, not his attorney, who decided not to cooperate with the State's expert. The record shows that on four separate occasions, Petitioner refused to speak to Mr. Hildebrant. (Resp't Ex. 7, p. 23, 25, 27; Resp't Ex. 8, p. 3; Resp't Ex. 10, p. 1; Resp't Ex. 12, p. 2-3, 6, 9-11).  In an October 5, 1989 pretrial hearing, Petitioner testified as follows regarding his refusal to let Mr. Hildebrant, interview him:

---

[2]At the May 5, 1997 habeas corpus hearing, Mr. Royals stated that "I told [Petitioner] that we still didn't have our own psychologist and until we got one there was no sense in giving them the evaluation."  (Resp't Ex. 55, p. 58-59).

Q. In this affidavit, did you state any reasons why you would not submit to the evaluations of Mr. Hildebrant?
A. Yes, I learned he lied on me at two different occasions.
. . .
A. If he's going to lie about that, I don't want anything else I say to him distorted or lied about.
Q. Mr. Lynd, what did you tell the Court that you would do if you were provided with your own psychiatrist?
A. That I would agree to an evaluation.
Q. By whom?
A. After I was assured that I was evaluated by my own doctor, I would talk to theirs.
Q. Have you been evaluated by your own doctor?
A. Yes.
Q. How do you know he's your doctor?
A. Well, that's what I understood it to be from the Court, for the defense.
Q. Well, why haven't you submitted to the evaluation by the State?
A. Because he's lied on me twice, and I don't want anything else I have said twisted and distorted.

(Resp't Ex. 12, p. 9-11).

It was after hearing this testimony that the trial court ruled the testimony and reports of Petitioner's own expert, Dr. Fabio Cabrera-Mendez, would not be admissible at trial because Petitioner would not allow Mr. Hildebrant to interview him.  (Resp't Ex. 12, p. 23).

Petitioner never testified that any of his attorneys advised him not to speak with Mr. Hildebrant.  Petitioner's attorney, Clyde Royals, also testified at this October 5, 1989 hearing and gave no indication that he ever advised Petitioner not to speak with Mr. Hildebrant.  It was not until years later, at the state habeas corpus hearing, that Mr. Royals first testified that he was the one who advised Petitioner not to speak with the State's expert.

Taking into consideration all of the testimony (given during the pre-trial hearings and during the state habeas corpus hearing), Petitioner has failed to show that the state habeas

4

court's ruling on this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254 (d).  As discussed above, there were facts to support the decision the state court reached.  Given this record, and the deference this Court must give to the state court's decision, the Court cannot reconsider its decision to deny habeas corpus relief on this claim.

Based on the above, Petitioner's Motion Pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure to Alter and Amend Judgment is **DENIED**.

**SO ORDERED**, this 12th day of January, 2006.


**s/  Hugh Lawson**
HUGH LAWSON, JUDGE

lnb