IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **WILLIAM EARL LYND,** : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | CIVIL ACTION NO.: 7:01-CV-95 (HL) |
| **WILLIAM TERRY, Warden**, : | |
| : | |
| Respondent. : | |
| _____ : | |

**O R D E R**

In an Order dated October 31, 2005, this Court denied Petitioner's Petition for Writ of Habeas Corpus (hereinafter "federal habeas petition") and the next day entered judgment in favor of Respondent. Petitioner has now filed a Notice of Appeal and seeks a Certificate of Appealability (hereinafter "COA") on Claims One and Two contained in his federal habeas petition.

**I. STANDARDS FOR GRANTING A COA**.

As explained in *Miller El v. Cockrell*, 537 U.S. 322 (2003), "Congress mandates that a prisoner seeking post-conviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition." *Miller El*, 537 U.S. at 327. A COA "will issue only if the requirements of 28 U.S.C. § 2253 have been met." *Id*. at 336. Pursuant to § 2253, and United States Supreme Court precedent, "a prisoner seeking a COA need only demonstrate 'a substantial showing of the denial of a constitutional right'." *Id*. at 327 (quoting

1

28 U.S.C. § 2253(c)(2)). Furthermore, "[a] petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.*

The Supreme Court has explained that "[a] prisoner seeking a COA must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337. Moreover, "[i]n a capital case, the nature of the penalty is a proper consideration in determining whether to issue a [COA] but the severity of the penalty does not in itself suffice to warrant the automatic issuing of a certificate." *Barefoot*, 463 U.S. at 893.

In the current case, the Court denied some of Petitioner's constitutional claims on the merits and denied others on procedural grounds. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In relation to the claims that a district court denies on procedural grounds "without reaching the . . . underlying constitutional claim," a COA should issue only if the petitioner makes the following showing: "[T]hat jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## II. SPECIFIC CLAIMS ON WHICH PETITIONER REQUESTS A COA

**A. Claim One: Petitioner was deprived of his right to the assistance of necessary and competent experts, and the trial court's exclusion from petitioner's competency trial and both phases of his capital trial of the mental health evidence he did receive violated the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution**

In its October 31, 2005 Order, this Court found that Petitioner had procedurally defaulted a portion of Claim One. Specifically, the Court found that Petitioner procedurally defaulted his claims (brought pursuant to *Ake v. Oklahoma*, 470 U.S. 68 (1985)) that the trial court denied him adequate funds for competent mental health experts and denied him access to the psychiatrist and social worker who evaluated him. (R. at 52, p. 8).

Petitioner also claimed that the trial court violated the Fifth, Sixth, Eighth, and Fourteenth Amendments by excluding his mental health experts' testimony from his competency trial and both phases of his capital trial. After substantial consideration, the Court ruled against Petitioner on the merits of this issue.

Although the Court ultimately denied relief on Claim One, the Court recognizes that the issues contained within this Claim present difficult questions of both fact and law. For example, Petitioner pointed to areas in the state habeas record which indicated that it was his counsel who advised him not to cooperate with the appointed experts and undergo a state evaluation. Therefore, according to Petitioner, it was his counsel's decision, not his, that led to the exclusion of the mental experts' testimony. Petitioner maintains that the exclusion of the experts' testimony prejudiced him in that their testimony would have resulted in his receipt of a sentence other than death. Moreover, there were difficult legal questions regarding exactly

which Supreme Court case, if any, contained the clearly established precedent to resolve some of the issues in Claim One.

Due to the complexity of the legal and factual issues in Claim One, the Court finds that Petitioner has shown that this Court's resolution is debatable among jurists of reason and that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322 (11th Cir. 2004). Therefore, the Court grants a COA as to Claim One in Petitioner's federal habeas petition.[1]

**(2) Claim Two: Petitioner was denied his rights to the effective assistance of counsel at his capital trial and direct appeal in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.**

Petitioner has alleged numerous instances of ineffective assistance of counsel in his federal habeas petition and throughout this litigation. Specifically, Petitioner requests a COA on the following alleged instances of unreasonable attorney performance: (1) Petitioner was denied conflict-free representation; (2) Counsel's advice to Petitioner that he should not cooperate with a state evaluation was unreasonable and not the result of tactical or strategic decision; (3) Counsel failed to conduct a reasonable investigation into Petitioner's life history and resulting mental health and substance abuse problems; and (4) Counsel failed to investigate the State's case.

This Court reviewed all of these claims and rejected each on the merits. (R. at 52, p. 16-

---

[1]This would include the ancillary issues of the Court's denial of Petitioner's request for discovery, request for an evidentiary hearing, and his request to hold the proceedings in abeyance to the extent these denials relate to Claim One. (R. at 25, 29, 32, 51).

32). The factual and legal issues involved in these claims were complex. As set forth above, there was conflicting evidence in the record regarding who (Petitioner or his counsel) made the decision not to cooperate with a state evaluation. Petitioner points to testimony in the record that shows it was his counsel's decision; while other testimony shows it was Petitioner's decision alone. Moreover, Petitioner has pointed to evidence in the record regarding counsel's lack of investigation into the State's case and Petitioner's background. While this Court ruled against Petitioner, the Court does find that the issues presented are adequate to deserve encouragement to proceed further. This is especially true in light of the fact that this is a death penalty case. *Barefoot*, 463 U.S. at 893. Therefore, the Court grants a COA on these issues contained in Claim Two.[2]

In his Application for a COA, Petitioner also requests a COA regarding another instance of ineffective assistance of counsel: Counsel's failure to object to an improper sequential charge on voluntary manslaughter. (R. at 64, p. 23). However, this Court has never ruled on this issue because this is the first time Petitioner has set forth an ineffective assistance of counsel claim based on his attorney's failure to object to a jury charge. Because the Court has not ruled on this issue, as it was not previously presented to the Court under a theory of ineffective assistance of counsel, the Court cannot grant a COA on this claim of ineffective assistance of counsel.[3]

---

[2]Again, this would include the ancillary issues of the Court's denial of Petitioner's request for discovery, request for an evidentiary hearing, and his request to hold the proceedings in abeyance to the extent those denials relate to these claims. (R. at 25, 29, 32, 51).

[3]In Claim Six of his petition, Petitioner did allege that "[t]he trial court's instructions to the jury in the guilt/innocence phase of Petitioner's trial violated Petitioner's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution." (R. at 2, p. 73). In its October 31, 2005 Order, this Court found that Petitioner had procedurally defaulted this claim. Petitioner does not now request a COA on Claim Six. Instead, he makes, for the first time, an ineffective assistance of counsel claim, based on "counsel's failure to object" to the charge. (R. at 64, p. 23). As explained above, the Court cannot grant a COA on this issue as it has not ruled on it. Moreover, to the extent that

**SO ORDERED**, this 13th day of March, 2006.

s/   **Hugh Lawson**
HUGH LAWSON, JUDGE

lnb

---

Petitioner is requesting a COA on Claim Six, the Court finds that Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).